[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
The matter before the court is a motion, filed on behalf of the appearing defendants (the defendants), to dismiss this summary process action on the following grounds:
 Terrance Batts (Batts), who is alleged in the motion to have been an occupant of the premises which are the subject of this action (the premises), is not a defendant in this case; and,
 The following was written by hand in the upper left corner of the summons: "return by 4/13/95".
FIRST GROUND
 Facts
Batts is not a defendant in this case.
The plaintiff testified at the hearing on this motion to each of the following, each of which is found as a fact:
 The plaintiff knew Batts to be the son of the defendant, Betty Barts-Davis (Batts-Davis), because Batts had previously been an occupant of a different apartment which Batts-Davis had rented from the plaintiff;
 Batts-Davis rented the premises in November 1994, and at that time Batts was in jail;
 Approximately two weeks after Batts-Davis rented the premises, the plaintiff met Batts near the premises and asked Batts if he was living on the premises. Batts responded that CT Page 7425 he was not living on the premises because he didn't get along with his mother, and that he was living four or five blocks away with his aunt;
 Thereafter, the plaintiff frequently saw Batts near the premises, and the plaintiff believed Batts was visiting his mother on those occasions;
 The plaintiff did not know Batts was an occupant of the premises when the notice to quit and the complaint were served.
From the findings that the plaintiff asked Batts if he was living on the premises and that Batts said no, the court infers that the plaintiff could not have discovered, in the exercise of reasonable diligence, that Batts was an occupant of the premises.
Discussion
In light of the above findings, the defendants can prevail on their motion only if under our law it is a defect in subject matter jurisdiction for a plaintiff in a summary process action to fail to name as a defendant a person whose occupancy is both unknown to the plaintiff and also could not have been discovered by the plaintiff in the exercise of reasonable diligence.
Section 47a-26h(a) of the General Statutes provides that a judgment in a summary process action is binding upon, inter alia,
a non-defendant occupant of whose occupancy the plaintiff is unaware or, if the plaintiff is aware of such occupancy, whose name the plaintiff does not know. Section 47a-26h(c) of the General Statutes makes provision for a non-defendant occupant to claim exemption from the effect of a summary process judgment by alleging that the plaintiff was aware of the occupancy and name of such nondefendant occupant. Accordingly, there is a statutory procedure available to Batts to exempt himself from the effect of any judgment of possession which may enter in this case, if he claims that the plaintiff knew of his occupancy.
The subsections of Section 47a-26h, when read together, create a complete system for establishing who should be made a defendant in a summary process action. The defendants have moved the court to enlarge that system by engrafting onto it a new substantive CT Page 7426 feature; that is, an obligation on a plaintiff to name as a defendant an occupant whose occupancy is unknown to the plaintiff, on pain of dismissal for want of subject matter jurisdiction. However, that proposition contravenes two elements of the legislative scheme contained in Section 47a-26h:
 The penalty imposed on a plaintiff who fails to name as a defendant someone who should be so named is exemption from a summary process judgment for the non-defendant, rather than dismissal of the action, and,
 It is only an occupant whose occupancy and name are known to the plaintiff whom the plaintiff is obligated to make a defendant, rather than an occupant whose occupancy is unknown to the plaintiff, as the court has found Batts to be.
SECOND GROUND
 Facts
The following facts are found:
 The upper left corner of the summons, and of the copy of the summons served on Batt-Davis, have the following written in long-hand: "return by 4/13/95" (the legend);
 The legend is in addition to the date of April 17, 1995, which is written in the space on the summons form which is marked "Return Date";
 The legend was put on the summons by an employee of the clerk's office, who told the plaintiff that the purpose of the legend was to advise the plaintiff of the date by which. he had to return papers to the clerk's office.
Counsel for the defendants has argued that the defendants were confused by the legend, but counsel has also stipulated that the defendants were not prejudiced by the legend.
Because the legend was added to the summons by court CT Page 7427 personnel, and not by the plaintiff, and because the defendants were not prejudiced by the legend, the legend is not a sufficient ground for dismissal of this action.
CONCLUSION
The motion to dismiss is denied on both grounds.
George Levine, Judge